**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10368 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00778-RS-1 |
| v. | |
| JODY DEMAR FONTENOT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 13, 2012[**]
San Francisco, California

Before: GOULD, TALLMAN, and BEA, Circuit Judges.

Jody Fontenot appeals the district court's denial of his motion for

suppression of evidence and his subsequent conviction, following a bench trial, for

having violated 18 U.S.C. § 922(g)(1), which prohibits felons' possession of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

firearms.  The parties are familiar with the facts underlying the appeal and thus we do not include them save as necessary.  We affirm.

A police officer may detain an individual to conduct an investigatory frisk consistent with the Fourth Amendment if the officer has "a reasonable articulable suspicion that [the individual] pose[s] a threat to his safety or the safety of others . . . ." *United States v. Terry-Crespo*, 356 F.3d 1170, 1173 (9th Cir. 2004) (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)); *see also Terry v. Ohio*, 392 U.S. 1 (1968).  Here, the police had a reasonable articulable suspicion that Fontenot posed a threat to the safety of others.  The police had received a high priority 9-1-1 dispatch that, in the parking lot of a liquor store on the corner of Geneva Avenue and Santos Street in San Francisco, there was a group of "guys" in front of the store and one of them was pulling out a gun.  On arrival four minutes after the 9-1-1 call was made, the police saw only one group in the parking lot, a group of three males, one of whom was Fontenot.  This met the requirement of "'some minimal level of objective justification' for making the stop." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *INS v. Delgado*, 466 U.S. 210, 217 (1984)).  Further, as discussed by the district court in its opinion below, the 9-1-1 dispatch and the police had received an emergency call from a cell phone with the phone number identified; this "provided the police with sufficient indicia of

2

reliability *prior* to the *Terry* stop to justify reliance on [the call.]" *Terry-Crespo*, 356 F.3d at 1174 (referring to *Terry v. Ohio*, 392 U.S. 1), because it removed a good deal of the anonymity of the call.

**AFFIRMED.**